upon to render any service subsequent to March 4, 1910. The question submitted is whether this debt is provable, and, if provable at all, for what amount.

Admittedly the facts are exactly like those in Matter of Buffalo Mirror & Beveling Co., 15 Am. Bankr. Rep. 122. In my judgment that case was properly decided, and there is little to add to the opinion of Referee Hotchkiss.

Let it be assumed that the contract out of which the claim in suit grew was executory; that is, when the contract was made, something remained to be done on both sides. Yet it has been settled upon much consideration in this circuit that an executory contract will give rise to a provable claim. In re Stern, 116 Fed. 604, 54 C. C. A. 60. Since therefore the claim is provable, the only inquiry remaining is: What is the measure of damages? Obviously such measure must be sought in the contract itself, and under that instrument it made no difference whether the bankrupts ever called for any information or not. What they sold (if they can be said to have sold anything) was the right to get information, and that right was considered by the parties to the agreement to be worth $150. It appears to me therefore clear that no other measure of damage is possible except the face of the contract and the amount for which claim is filed. Agreements such as this are very frequent, and may almost be said nowadays to constitute a legal class by themselves; but, if an analogy be sought among older and more familiar legal documents, it seems to me that the written contract at the basis of this claim is a promise to pay a definite sum of money contained in a nonnegotiable instrument in writing. It is therefore a provable debt for the full amount of the promise, just as is a promissory note, with of course due allowance for interest in the events provided for by the statute.

The claim is allowed as filed.

---

## THE MAME.

(District Court, D. Connecticut. January 6, 1911.)

### No. 1,639.

MARITIME LIENS (§ 13*)—GROUNDS OF LIEN—INSURANCE PREMIUMS PAID BY BROKER.

A lien does not attach to a vessel for the premiums paid by a broker on a contract of insurance obtained at the request of the owner.

[Ed. Note.—For other cases, see Maritime Liens, Cent. Dig. § 17; Dec. Dig. § 13.*]

In Admiralty. Suit by Frank H. Mason against the barge Mame. On exceptions to petition of libelant. Exceptions sustained.

Edward H. Rogers and James D. Dewell, Jr., for libelant.
Arthur C. Graves and Carver, Wardner & Goodwin, for claimant.

PLATT, District Judge. Frank H. Mason filed a petition in this court in September of this year, alleging that he was a marine in-

surance broker in New Haven, and on January 5, 1910, at the request of Michael J. Connolly, owner of the scow or barge Mame, placed insurance upon her for $1,500; that the premium thereon, which was $67.50, which he had paid to the insurance company, was still due and owing from the owner to him. He thereupon prayed process in rem against the Mame, which was granted, and such proceedings were had that the proceeds derived from the sale are now in the registry of the court, less the marshal's fees, which have been duly paid.

Michael J. Connolly, the owner of the Mame, has since become a voluntary bankrupt in the Massachusetts court, and O. Weld Richardson has been elected trustee of his estate. Said trustee has filed exceptions to said petition and libel, setting up in effect that the same does not present a cause of action in rem against the Mame, and that the petitioner is not entitled in this court to the relief sought.

The exceptions raise squarely the issue whether or not a lien attaches to a vessel for the premiums paid by a broker upon a contract of insurance obtained at the request of the owner. The English rule is undoubtedly to that effect, and the tendency in this country was for a time in the same direction. See The Dolphin, Fed. Cas. No. 3,974. Since the Dolphin decision, however, the weight of authority, as well as the reason of the case, appears to lead directly to the opposite conclusion. In this circuit the decision of then District Judge Coxe (In re Ins. Co. of Penn., 22 Fed. 109), affirmed by Circuit Judge Wallace (24 Fed. 559), is so forceful and compelling as to make it unnecessary for this court to give the matter further attention.

The exceptions are sustained, and the petition ought to be dismissed.

---

KLINE BROS. & CO. v. LIVERPOOL & LONDON & GLOBE INS. CO.

(Circuit Court, S. D. New York. January 14, 1911.)

DEPOSITIONS (§ 56*)— DE BENE ESSE—NOTICE—VACATION—EXTENSION—JURISDICTION.

　　Since Rev. St. § 863 (U. S. Comp. St. 1901, p. 661), authorizes the taking of depositions de bene esse without any application to or assistance from the court, the court has no jurisdiction to vacate or extend a notice; the party taking the deposition taking the risk of having it suppressed if the notice does not comply with the statute.

　　[Ed. Note.—For other cases, see Depositions, Dec. Dig. § 56.*]

Action by Kline Bros. & Co. against the Liverpool & London & Globe Insurance Company, with which were heard four other cases. Application to vacate or extend a notice to take depositions de bene esse. Denied.

Fried & Czaki, for plaintiff.
Ivins, Mason, Wolff & Hoguet, for defendant.

WARD, Circuit Judge. The party having the right to take depositions de bene esse under section 863 of the Revised Statutes (U. S. Comp. St. 1901, p. 661) without any application to or assistance from

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes