## THE WABASH.

### Petition of AMERICAN STEAMSHIP OWNERS' MUT. PROTECTION & INDEMNITY ASS'N, Inc.

(District Court, D. Connecticut. April 17, 1922.)

No. 2386.

1. **Maritime liens ⬅13—No lien exists against vessel on behalf of insurer for unpaid premiums.**

    No lien exists against a vessel on behalf of an insurer on account of unpaid insurance premiums.

2. **Receivers ⬅154(1)—Claim of insurer for premiums held not entitled to priority over claims of lien creditors.**

    Claims of an insurer of vessels for premiums on policies obtained by a receiver of the company owning the vessels against proceeds of sale of a vessel were not entitled to priority on equitable principles over the claims of lien creditors who contracted with the vessel sold prior to the commencement of the receivership; the receivership not being for their benefit.

In Admiralty. In the matter of the petition of the American Steamship Owners' Mutual Protection & Indemnity Association, Inc., to participate in the distribution of the proceeds of sale of the steamship Wabash. On exceptions to petition. Exceptions sustained.

⬅For other cases see same topic & KEY-NUMBER in 'all Key-Numbered Digests & Indexes

G. Noyes Slayton, Crowell & Rouse, all of New York City, for libel-ant.

Lord, Day & Lord, of New York City, for Credit Foncier d'Algerie et de Tunisie.

THOMAS, District Judge. The petition of the American Steamship Owners' Mutual Protection & Indemnity Association, Inc., recites that Frank S. Martin, who had been appointed receiver of the French American Line, Inc., by the United States District Court for the Southern District of New York, insured a number of vessels belonging to said company, and among others the steamship Wabash; that subsequently, and on or about July 14, 1921, an order was entered in this court, in this suit, providing that the Wabash be condemned and sold, and that the proceeds of such sale be deposited in the registry of this court. The petition further alleges that this was done, and that by reason of the premises the petitioner is entitled to participate in the distribution of the proceeds of the sale of said steamship to the extent of its claim against the receiver, amounting to $4,886.97, the same being the total amount of premiums due for insurance covering the several vessels which the receiver insured, including the Wabash.

[1] The Credit Foncier d'Algerie et de Tunisie, a libelant of the Wabash, excepts to the petition on the ground that it does not show that a lien existed against the Wabash on account of the matters alleged in the petition.

I think that the exception should be sustained. It is well settled that no lien exists against a vessel on behalf of an insurer on account of unpaid insurance premiums. The Mame (D. C.) 184 Fed. 968; In re Insurance (D. C.) 22 Fed. 109, affirmed (C. C.) 24 Fed. 559.

[2] The petitioner contends, nevertheless, that its claim is entitled to priority over that of the libelants on equitable principles, because the insurance premiums were an expense of the receivership, and that this court must act upon equitable principles in distributing the funds in its possession.

Even if this court, sitting in admiralty, had power to distribute the funds in its possession among general creditors, I do not believe that petitioner's position could be sustained, because its claim is not entitled to priority over that of the lien creditors on equitable principles. American Engineering Co. v. Metropolitan By-Products Co. (C. C. A.) 275 Fed. 34; The Allianca (D. C.) 65 Fed. 245.

It is not alleged that there are not sufficient general funds in the hands of the receiver to pay petitioner's claim. The proceeds of the sale are insufficient to satisfy the claims of the lien creditors. The receivership was not for their benefit, and, if the vessel had been operated at a profit, no benefit would have accrued to them. In this case all of the lien creditors contracted with the vessel prior to the commencement of the receivership, but the petitioner contracted with the receiver, knowing that he represented an insolvent concern.

The exception is therefore sustained; and it is so ordered.