**THE PRILLA.**

No. 713.

District Court, D. Massachusetts.

Nov. 23, 1937.

384

Lowell S. Nicholson, of Boston, Mass., for libelant.

John F. Fitzpatrick, of Boston, Mass., for intervening petitioner William E. Simms.

Richard H. Lee, of Boston, Mass., for claimant Edwin P. Leonard, Jr.

SWEENEY, District Judge.

This is an action in admiralty in which the libelant seeks to enforce a lien under the Ship Mortgage Act of 1920, § 30, subsec. P, 46 U.S.C.A. § 971. The owner of the vessel denies that the articles and services furnished are such that the libelant is entitled to a lien, and sets up the further defense of laches.

The facts are as follows: The libelant is a corporation engaged in ship storage and repairs at Marblehead in the commonwealth of Massachusetts. The items for which it claims a lien were furnished to the yacht Prilla between May 1, 1935, and July 8, 1936. The total amount of the lien claimed is $918.46, after certain credits had been applied in favor of the then owner.

Johanson purchased the Prilla about May 1, 1935, registered it in nis wife's name, and opened a running account with the libelant. By November of that year when the boat was placed in the hands of the libelant for storage, for the winter of 1935–36, the owner was indebted to the libelant to the extent of $734.25. During that winter the libelant had possession of the boat, and no payments were made on account. In the spring when the boat was launched additional services and articles were furnished by the libelant under an arrangement for further credit.

A payment of $175 was made on account on June 30, 1935. On July 3, 1936, another check was given to the libelant in the amount of $80. This check was returned from the bank unpaid. Whether or not the libelant had been extending credit to the boat or to Johanson personally, it was certainly placed on notice at this time that the credit of Johanson was questionable. It was its duty then to act promptly to protect its lien.

About that time the boat was removed from Marblehead waters, and for a few months the libelant did not know of the whereabouts of either the boat or Johanson. It made great efforts to locate Johanson in which it was unsuccessful. In September, 1936, and while search was continuing for Johanson, it came to the attention of the treasurer and manager of the libelant corporation that the yacht Prilla was moored in the Charles river. No move was made to libel the boat. The search was continued for Johanson during the next month or two. Early in November of 1936, the yacht Prilla, which was then located in the Charles river, was sold to the present owner, Mr. Leonard.

At the time of the purchase of the boat, Leonard was given a bill of sale which stated that there were no liens existing against the boat except a mortgage. He paid $750 to Johanson, $400 of which was applied to discharging the mortgage. Leonard continued to keep the boat in the Charles river for a period of an additional three weeks when he stored it.

The libel in this case was not filed until March 20, 1937. It is unnecessary to decide whether the libelant waived its claim against the boat, and chose to look to Johanson personally for its money. I am of the opinion that under the circumstances the libelant is barred by its own laches. The maritime lien, being a secret one, is one that should be enforced without unnecessary delay. As between the original parties, Johanson would not be heard to claim that the libelant was not diligent in its efforts. Since the rights of the third person have intervened, the lien will be regarded as lost. The person in whose favor it had existed has had a reasonable opportunity to enforce it, and has not done so. See The Lillie Mills, 15 Fed. Cas. p. 539, No. 8,352. Where either Leonard or the libelant is to sustain the loss, in good conscience and equity, the loss ought to be borne by the one who placed himself in a position to suffer it, where the other has been guilty of no negligence.

■ I do not feel that it is necessary to pass upon the individual items claimed as the basis for the lien. Some of them, such as insurance, are clearly not the proper subject for the enforcement of a lien against the boat. See The Wabash (D.C.) 279 F. 921. It is my opinion that the libelant is not entitled to enforce its lien because of its delay in attempting to enforce it during which time the rights of an innocent purchaser were jeopardized.

### Conclusions.

I therefore find and rule that the libelant's lien is lost by its laches.