Robert J. GROW, J. Alfred Grow, Jr., Edwin S. Englebert, d/b/a Grow Sumner Eglebert Agencies, Libelants,

v.

THE Steel Gas Screw LORAINE K, her engines, tackle, apparel & furniture, Respondent.

Civ. A. No. 19843.

United States District Court
E. D. Michigan, S. D.

Aug. 1, 1960.

Fred H. Keidan, Watson, Lott & Wunsch, Detroit, Mich., for libelants.

Robert L. Coopes, Detroit, Mich., for respondent Vessel.

LEVIN, Chief Judge.

This libel is founded on a claim for premiums due on an insurance contract covering the seized vessel. The respondent, alleging that the libel fails to establish *in rem* jurisdiction, filed Exceptions.

■ Since a vessel's insurance coverage is a maritime matter, disputes regarding such contracts are within the exclusive jurisdiction of an admiralty court. Insurance Company v. Dunham, 1870, 11 Wall. 1, 20 L.Ed. 90; Wilburn Boat Co. v. Fireman's Fund Insurance Co., 1955, 348 U.S. 310, 75 S.Ct. 368, 99 L.Ed. 337.

■ The Maritime Lien Act of 1910, as amended 1920, 46 U.S.C.A. §§ 971–975, does not provide for a lien for unpaid insurance premiums, The Wabash, D.C.Conn.1922, 279 F. 921, The Hall, D.C.Mass.1931, 48 F.2d 646, but a Michigan statute, Comp.Laws 1948, § 570.402, 19 M.S.A. § 26.342 allows such a lien. State statutes may create liens which are maritime in character and thus enforceable only in an admiralty court. The J. E. Rumbell, 1893, 148 U.S. 1, 13 S.Ct. 498, 37 L.Ed. 345; 1 Benedict, "The Law of American Admiralty," pp. 269–70 (6th ed. 1940). For a pre-Lien Act case involving a state statute on an insurance contract, see The Guiding Star, D.C.S.D.Ohio 1881, 9 F. 521, affirmed C.C.S.D.Ohio 1883, 18 F. 263.

■ But, says the respondent, Congress, by enactment of the Federal Lien Act, has pre-empted the field in *in rem* proceedings in admiralty matters. I do not agree.

The Federal Lien Act superseded only that state legislation which authorized liens for "repairs, supplies, towage, use of dry dock or marine railway, and other necessaries." 46 U.S.C.A. § 975. For an interesting discussion of the effect of the Federal Lien Act upon state legislation in the maritime field, see Griffin, "The Federal Maritime Lien Act," 37 Harv.L.Rev. 15, 22–3 (1923).

■ This Michigan-created lien is enforceable in this Court.

The Exceptions to the libel are overruled.