Robert W. Sloan, J.
Petitioner moves for an order directing the sale of a 36-foot cabin cruiser, seized by the Sheriff under warrant from this court in this proceeding to foreclose a lien for repairs on which there is due an alleged balance of $866.33.
The proceeding is brought pursuant to article 4 of the Lien Law. On this motion respondent, owner of the cruiser, alleges that the petitioner’s work on the vessel was not completed and that the work done was not done in a workmanlike manner and will either have to be corrected and/or completed to his damage in the sum of $9,026.19. He also claims that it is inequitable that a $20,000 cruiser be sold to satisfy an $866.33 lien, assuming it is established upon a trial of the issues (Lien Law, § 91).
Neither party has touched upon whether this court has jurisdiction to entertain and adjudicate this foreclosure proceeding. However, I note the presence of such a question. If I have no jurisdiction of the subject matter of the proceeding, I must refuse to proceed further and dismiss the proceeding even if the parties might be deemed to have consented to the exercise of jurisdiction (Cutting Room Appliances Corp. v. Finkelstein, 33 A D 2d 674; Robinson v. Oceanic Steam Nav. Co., 112 N. Y. 315; 1 Carmody-Wait 2d, New York Practice, §§ 2:77, 2:78 and 2:80).
It conclusively appears from the pleadings that the petitioner’s claimed lien is for repairs to the vessel upon order by the owner. Section 80 of the Lien Law provides that a debt for work or material furnished for or toward repairing a vessel, shall be a lien upon the vessel. Section 85 of the Lien Law provides that such lien may be enforced in the courts of this State unless it is founded upon a maritime contract. The Federal Ship Mortgages Act provides that any person furnishing repairs or other necessaries to any vessel, upon the order of the owner, shall have a maritime lien on the vessel, which may be enforced by suit in rem (U. S. Code, tit. 46, § 971) and that the act supersedes the provisions of all State statutes conferring liens on vessels, insofar as such statutes purport to create rights of action to be enforced by suits in rem in admiralty against vessels (U. S. Code, tit. 46, § 975). A 36-foot cabin cruiser is a vessel under both Federal (U. S. Code, tit. 1, § 3) and New York State (Navigation Law, § 2, subd. 6) statutory definitions. A lien for repairs against the vessel, given by section 80 of the Lien Law, is in the nature of a maritime lien, the foreclosure of which *40 is a proceeding in rem, of which the courts of the United States, sitting in admiralty, have exclusive jurisdiction (The Glide, 167 U. S. 606; The Robert W. Parsons, 191 U. S. 17 [which deals with the predecessor of present section 80 of the Lien Law in essentially identical language]; Red Cross Line v. Atlantic Fruit Co., 264 U. S. 109; Grow v. The Loraine K., 185 F. Supp. 803; Sheppard v. Steele, 43 N. Y. 52; 2 C. J. S., Admiralty, § 8, subd. b; 55 C. J. S., Maritime Liens, § 79). Therefore, this court does not have jurisdiction to grant the relief requested by the petition. Accordingly, the petition is dismissed and the warrant vacated upon the payment of fees due the Sheriff, if any, by petitioner, and the County Treasurer is directed to release petitioner’s cash undertaking upon payment of any charges or fees incident to receiving or paying the same, but otherwise without costs.