NESBITT, Judge.
D.V. & A., Inc. (DV & A) appeals from the trial court’s denial of its motion to set aside a final order of forfeiture in this case involving a 35-foot vessel upon which DV & A claims to have perfected a lien. We affirm.
The North Miami Police Department seized the vessel involved herein, pursuant *961 to section 932.708, Florida Statutes (1985), while the vessel was being used to illegally import controlled substances. The City of North Miami filed forfeiture proceedings. Unbeknown to DV & A, the Town of Golden Beach, which had also been involved in the seizure, had previously initiated forfeiture proceedings for the vessel which culminated in an unopposed final order of forfeiture to the Town of Golden Beach. On learning of the final judgment, DV & A filed a motion for relief from judgment in accordance with Rule 1.540(b), Florida Rules of Civil Procedure. In its motion, DV & A claimed to have acquired a lien on the vessel for approximately $46,000 for labor and materials it furnished while repairing the vessel. See §§ 713.60, 713.64, Fla.Stat. (1985). The circuit court denied the motion.
While we agree that DV & A may have demonstrated excusable neglect, DV & A failed to present the trial court with the requisite meritorious defense to justify setting aside the forfeiture judgment. See Tremblay v. March, 378 So.2d 855 (Fla. 4th DCA 1979), cert. denied, 389 So.2d 1116 (Fla.1980). To avoid forfeiting its interest in the vessel, DV & A had the burden of establishing that it held a perfected lien in the seized vessel. § 932.703(3), Fla.Stat. (1985); see Claffey v. Serafino, 338 So.2d 270 (Fla. 2d DCA 1976). In its motion to set aside the judgment DV & A merely made the conclusory assertion that it held a perfected lien on the vessel. This bare assertion failed to meet the meritorious defense requirement which mandates that a movant allege facts or present legal grounds which, if established, would constitute a valid defense. See Perry v. University Cabs, Inc., 344 So.2d 914, 915 (Fla. 3d DCA 1977). Had DV & A alleged, for example, that it had possession of the vessel at the time it was seized, DV & A might have established a meritorious defense. See §§ 679.310, 713.74, Fla.Stat. (1985); cf. Smith v. City of Miami Beach, 440 So.2d 611 (Fla. 3d DCA 1983) (lienholder’s interest in seized motor vehicle forfeited where lienholder failed to comply with section 319.27(1), Florida Statutes (1981)). But see Burdine v. Walden, 91 F.2d 321 (5th Cir.1937) (construing chapter 7838, Laws of Florida (1919) [forerunner to § 713.60, Fla. Stat. (1985) ] as not requiring possession to be enforceable as a maritime lien).
Since DV & A failed to allege possession or any other facts or legal grounds to establish a perfected lien in the vessel, and hence a meritorious defense, the trial court properly denied its motion to set aside the final order of forfeiture.[1]
Accordingly, the judgment under review is affirmed.

. We note the possibility that DV & A acquired a maritime lien on the vessel for the parts and labor it provided. See 46 U.S.C. § 971. Such a lien would not require DV & A to maintain possession of the vessel to ensure its enforceability. Burdine, 91 F.2d at 323; see G. Gilmore & C. Black, The Law of Admiralty § 9-6 (2d ed. 1975).
The possible existence of a maritime lien in DV & A's favor, however, does not affect the outcome of this case. DV & A’s meritorious defense cannot be premised on a maritime lien because state courts lack subject matter jurisdiction to adjudicate suits involving maritime liens. The Moses Taylor, 71 U.S. (4 Wall.) 411, 18 L.Ed. 397 (1867); The Hine v. Trevor, 71 U.S. (4 Wall.) 555, 18 L.Ed. 451 (1867); Stainless Steel & Metal Mfg Corp. v. Sacal V. I., Inc., 452 F.Supp. 1073 (D.P.R.1978); Lih v. Wagner, 65 Misc.2d 38, 316 N.Y.S.2d 497 (Sup.Ct.1970). Federal admiralty courts enjoy exclusive jurisdiction to enforce maritime liens. See G. Gilmore & C. Black, supra, at § 9-27; 2 C.J.S. Admiralty § 52 (1972); Higgins v. Eva, 204 Cal. 231, 267 P. 1081 (1928); McMorran v. The Millinokett, 191 Mich. 151, 157 N.W. 421 (1916); cf. O'Neill v. Schoenbrod, 355 So.2d 440 (Fla. 3d DCA), dismissed, 359 So.2d 1218 (Fla.1978) (court declined to exercise jurisdiction over a salvage action because salvage is within the admiralty jurisdiction).
Since Florida courts do not have jurisdiction to adjudicate a claim involving a maritime lien, such a claim could not constitute a meritorious defense.