347 So.2d 1093 (1977)
Lucille RUBIO, Appellant,
v.
Maurice RUBIO, Appellee.
No. 76-1073.
District Court of Appeal of Florida, Second District.
July 15, 1977.
*1094 Martin N. Strelser, Lancaster & Strelser, and E.C. Watkins, Jr., Tampa, for appellant.
Michael L. Kinney, Richard A. Lazzara, Tampa, for appellee.
BOARDMAN, Chief Judge.
Appellant/wife, Lucille Rubio, appeals the final judgment entered on her petition for modification of final judgment of dissolution of marriage and the counterpetition for modification filed by appellee/husband, Maurice Rubio.
Appellant and appellee were granted a divorce in August, 1967. The final judgment incorporated by reference a property settlement agreement voluntarily entered into by the parties on advice of competent counsel. The agreement provided for alimony payments, income tax payments, and medical expenses payments, among other things. Since 1967 appellant had been granted an increase in alimony payments by the court on two previous petitions. Appellant sought by this petition to increase the amount of alimony as provided for by the terms and provisions of the final judgment and to enforce a provision in the property settlement which required appellee to pay appellant's income taxes. Appellee answered and filed a counterpetition which alleged that appellant was able to support herself, that she was gainfully employed, and that appellee should not be required to pay any further alimony to appellant. Appellee further alleged that he was not required to pay the income tax assessed against appellant's individual earnings. An order was entered on June 1, 1976, providing for a $110 per month increase in the amount of alimony, that the wife pay her own income tax as a consequence of any employment that she may have, and that the husband's liability for the payment of drug and medical expenses be limited to $100 per month.
It is well settled in Florida that an agreement which is entered into to provide for alimony payments and incorporated into a final decree of dissolution of marriage is subject to modification by the trial court. E.g., Horton v. Horton, 330 So.2d 69 (Fla. 1st DCA 1976). The court, however, does not have jurisdiction to modify an agreement which constitutes a settlement of *1095 property rights. Jurisdiction, then, is dependent on a determination of the nature of the agreement, and it is the substance of the instrument and not the form used or labels attached to it or used by the parties which guides the court in its determination. Adler v. Nicholas, 381 F.2d 168 (5th Cir.1967).
The provisions of the agreement in the case before us are indicia of a property settlement. Appellant expressly transferred to appellee her interest in the parties' jointly held property as well as property held in each of their individual names. The amount of the periodic payments referred to in the agreement as alimony payments was to be charged against appellee's estate should he predecease appellant. Appellee was to maintain disability income insurance to provide for continued payments to appellant should appellee be rendered incapable of earning sufficient income to make the payments. See Underwood v. Underwood, 64 So.2d 281 (Fla. 1953); Howell v. Howell, 164 So.2d 231 (Fla. 2d DCA 1964). According to this agreement only the provision pertaining to the periodic payments was subject to modification by the court as necessary to maintain "a standard of living equivalent to that enjoyed by the parties hereto prior to their separation." While the trial court is empowered to interpret this agreement as it would any contract it is precluded from modifying any other provision of the agreement.
Appellant has presented two meritorious points on appeal to this court: first, whether the trial court erred in limiting appellee's liability for payment of appellant's drug and medication expenses to $100 per month; second, whether it was error to order that appellant pay the income tax on any earnings she might receive. Upon a close reading of the agreement we reverse the order of the trial court on the first issue and affirm on the second issue.
Paragraph seven of the property settlement, which treats medical expenses, provides that:
The Husband agrees to pay all reasonable and necessary medical and dental and ocular and pharmaceutical expense of the Wife indefinitely, not recklessly or needlessly incurred, including her present care by her physician Dr. Saul Holtzman of St. Petersburg, Florida, or any other physician selected by the Wife. This obligation shall terminate upon remarriage of Wife.
The obligation of appellee as to these expenses is clearly and unambiguously spelled out. To permit a change of this provision would be contrary to the intent of the parties as reflected in the agreement into which they voluntarily entered. We cannot find any evidence in the record from which we can reasonably conclude that appellant "recklessly or needlessly incurred" any expenses covered by paragraph seven. No such showing having been made to appear at this time, paragraph seven requires that appellee pay all medical expenses which are reasonable and necessary.
Paragraph one of the property settlement, which treats income tax payments, provides in pertinent part that:
[I]t is understood and agreed, that sums herein required to be paid as permanent alimony by the Husband unto the Wife shall be net to the Wife without deduction for income taxes or other charges or expenses. In that connection, in addition to the sums hereunder required to be paid by the Husband unto the Wife as permanent alimony, the Husband shall pay such additional sums as may be necessary to pay any taxes, charges or expenses of any kind levied upon the Wife, deriving from her receipt of the sums herein required to be paid as permanent alimony, and in that connection, the sums required to be paid by the Husband to the Wife hereunder shall be adjusted from time to time in such manner as to secure to the Wife the receipt of the sums herein required to be paid as net sums free of such deduction, and in like manner, any future changes in permanent alimony as herein set forth shall be likewise adjusted to accomplish the same ends.
The property settlement expressly provides that appellee is to pay any income tax assessed *1096 appellant on the alimony payments, but it does not provide that if appellant obtains employment that appellee will be required to pay the taxes due on her earnings. Appellant is to be commended for securing employment, but, nevertheless, the obligation for payment of the taxes due on these separate funds is hers.
AFFIRMED in part; REVERSED in part with directions consistent with this opinion.
HOBSON and GRIMES, JJ., concur.