452 So.2d 130 (1984)
Lucille RUBIO, Appellant,
v.
Mauricio RUBIO, Appellee.
No. 83-2311.
District Court of Appeal of Florida, Second District.
June 8, 1984.
*131 C. Timothy Corcoran, III, of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, for appellant.
Michael L. Kinney, Tampa, for appellee.
GRIMES, Judge.
The wife appeals from an order denying her petition seeking to require her former husband to pay certain medical bills.
The parties were divorced in 1967. A property settlement agreement incorporated into the final judgment provided in part:
7. The Husband agrees to pay for all reasonable and necessary medical and dental and ocular and pharmaceutical expense of the Wife indefinitely, not recklessly or needlessly incurred, including her present care by her physician Dr. Saul Holtzman of St. Petersburg, Florida, or any other physician selected by the Wife. This obligation shall terminate upon remarriage of Wife.
In a prior appearance before this court in which the husband unsuccessfully sought to limit his liability under that paragraph, we said in Rubio v. Rubio, 347 So.2d 1093 (Fla. 2d DCA 1977):
The obligation of appellee as to these expenses is clearly and unambiguously spelled out. To permit a change of this provision would be contrary to the intent of the parties as reflected in the agreement into which they voluntarily entered.
Id. at 1095.
Thereafter, in 1982 the wife was involved in an automobile accident caused solely by the negligence of the other driver. As a result she was seriously injured and was hospitalized on four separate occasions totalling approximately six and one-half weeks. Her medical expenses totalled $51,590.69. A Blue Cross/Blue Shield policy acquired by the husband to protect himself against the obligations of paragraph 7 paid policy limits of $23,287.31. The wife's personal PIP insurance paid policy limits of $10,000. In this proceeding the wife sought to require the husband to pay her unreimbursed medical expenses of $18,303.38.
The negligent tort-feasor involved in the accident was a minor and had no personal financial ability to respond to the wife's claim. However, he carried $25,000 in liability insurance which was paid in full to the wife. At the hearing on the wife's claim against the husband, there was undisputed testimony that the value of the wife's tort claim was actually $250,000 to $300,000. The court ultimately determined that the husband was not obligated to pay the wife the remaining $18,303.38 in unreimbursed medical expenses. We reverse.
The agreement unequivocally requires that the husband pay for "all reasonable and necessary medical ... expense of the Wife indefinitely, not recklessly or needlessly incurred, ... ." There is no suggestion that the medical expenses in issue were recklessly or needlessly incurred, and there is no other limitation on the circumstances under which the wife may incur such expenses. The husband's argument that the contract is silent with regard to medical expense incurred by reason of an accident must fail in light of the contract provision that requires the payment for all reasonable and necessary medical expenses.
Though not argued by the husband on appeal, the trial court reasoned that if the husband had paid the medical expenses, he would have a right of subrogation against the tort-feasor and would therefore be entitled to be reimbursed out of the $25,000 recovered by the wife. *132 However, one is not entitled to be subrogated to the right of a creditor until the claim of the creditor against the debtor has been paid in full. Whyel v. Smith, 101 Fla. 971, 134 So. 552 (1931); Furlong v. Leybourne, 138 So.2d 352 (Fla. 3d DCA 1962). Since the value of the wife's claim was established to be worth at least $250,000, it could hardly be said that she was paid in full by the receipt of $25,000. If the posture of the husband could be equated to that of an insurer, it would appear that the same result would ensue. According to 16 G. Couch, Cyclopedia of Insurance Law 2d § 61:64 (rev. ed. 1983):
[T]he insurer may in a given case have made the full payment required of it by its contract of insurance but this amount is not adequate to indemnify the insured in full. In such an instance, it has been held, in absence of waiver to the contrary, that no right of subrogation against the insured exists upon the part of the insurer where the insured's actual loss exceeds the amount recovered from both the insurer and the wrongdoer, after deducting costs and expenses. In other words, the insurer has no right as against the insured where the compensation received by the insured is less than his loss.
Cf. Florida Farm Bureau Insurance Co. v. Martin, 377 So.2d 827 (Fla. 1st DCA 1979). (The limited financial responsibility of the tort-feasor caused the insureds to settle their claim for less than its worth. The court held that the insurer had no right of subrogation because the insureds' total recovery from both the insurer and the tort-feasor did not exceed the amount of the insureds' loss.) Applying these principles to the instant case, the wife will not receive a double recovery because the total of the husband's obligation and the proceeds of the settlement is still less than the value of her claim.
We reverse the order denying the wife's claim and direct that the husband be ordered to pay the medical expenses of $18,303.38.
OTT, C.J., and RYDER, J., concur.