SCHEB, Acting Chief Judge.
The husband appeals an order finding him in civil contempt for failing to pay part of the wife’s income tax on alimony she received. We reverse.
For the past 23 years, the husband has paid alimony and the taxes thereon pursuant to a written agreement which was incorporated into the parties’ 1967 final judgment of dissolution. This agreement has been modified on a couple occasions to increase the wife’s monthly payments and to address specifically the effect her employment would have on the amount of alimony.
The agreement, as modified, provides that the husband will maintain the wife in a standard of living consistent with that enjoyed during the marriage and that income derived from the wife’s employment will not reduce the husband’s obligation. The alimony payments are to be net to the wife, and the husband is to pay “such additional sums as may be necessary to pay any taxes, charges or expenses of any kind levied on the Wife, deriving from her receipt of sums herein required to be paid as permanent alimony.”
The order on appeal resulted from the wife’s claim that the husband underpaid the tax owed on her alimony for the years 1986 through 1989. The husband calculated the tax due on the alimony as if the wife had no other income. The wife, however, was employed and had investment income, which pushed her into a higher tax bracket, and thus, more tax was owed on her total income.
We agree with the husband that the trial court erred in finding him in arrears for the additional taxes. His responsibility was to pay the tax “deriving from her [the wife’s] receipt of ... alimony.” We think the additional tax is not derived from the wife’s receipt of the alimony; rather, it is the result of her receipt of unrelated employment and investment income.
The wife seeks to justify the order by citing the agreement’s language that she is to receive the full benefit of the alimony payments, undiminished by taxes. We think she is receiving the benefit of the alimony undiminished by taxes, and it would be an unreasonable interpretation of the agreement to hold that the husband is responsible for a proportionate share of the taxes caused by her receipt of unrelated, independent income.
Moreover, our conclusion is in accord with principles set forth by this court in a previous appeal between the parties. In Rubio v. Rubio, 347 So.2d 1093 (Fla. 2d DCA 1977), this court addressed a similar, although not identical, issue. The court reversed an order which forced the husband to pay the tax due on the wife’s earned income:
The property settlement expressly provided that appellee is to pay any income tax assessed appellant on the alimony payments, but it does not provide that if appellant obtains employment that appel-lee will be required to pay the taxes due on her earnings. Appellant is to be commended for securing employment, but, nevertheless, the obligation for payment *339 of the taxes due on these separate funds is hers.
Rubio at 1096.
Accordingly, we reverse.
DANAHY and THREADGILL, JJ., concur.