Rosemarie POWERS, individually, and on behalf of all others similarly situated, Plaintiff,

v.

GOVERNMENT EMPLOYEES INSURANCE COMPANY, a foreign corporation, Defendant.

No. 97–0010–CIV.

United States District Court,
S.D. Florida,
Miami Division.

Dec. 17, 1998.

Christopher J. Lynch, Angones Hunter McClure Lynch & Williams, Miami, FL, for Rosemarie Powers.

William G. Burd, Francis Augustine Zacherl, III, Burd Lozano & Zacherl, Miami, FL, for Government Employees Insurance Company.

Dorothy Rollins, West Palm Beach, FL, pro se.

Eugene R. Arnone, Margate, FL, pro se.

Luis F. Cintron, Opa Locka, FL, pro se.

### ORDER DENYING IN PART AND GRANTING IN PART RENEWED MOTION FOR CLASS CERTIFICATION

HIGHSMITH, District Judge.

This Cause is before the Court on Plaintiff's Renewed Motion for Class Certification. For the following reasons, Plaintiff's Motion is granted in part and denied in part.

### FACTUAL AND PROCEDURAL BACKGROUND

In March of 1996, Rosemarie Powers ("Powers") was involved in an automobile accident. Both Powers and the driver of another vehicle were at fault. Powers' vehicle was damaged and she filed a collision claim with her insurance company, Government Employees Insurance Company ("Geico"). Powers allegedly paid a $500 deductible, as required by the insurance policy issued by Geico, and Geico covered the remaining costs of repairing the vehicle.

Geico has a practice of bringing subrogation claims against the insurers of individuals who are involved in accidents with Geico insureds. Geico has five regional payment recovery units which handle subrogation claims. Generally, Geico sends a form letter to its insured indicating that it is planning on filing a claim against the insurance company of the other party who was wholly or partially at fault. Geico indicates that it will include the insured's deductible as part of the claim. Geico reimburses insureds for their deductibles on a *pro rata* basis in proportion to the amounts that Geico recovers on its subrogation claims.

Geico sent Powers its standard form letter indicating that it would attempt to recover her deductible as part of its subrogation claim. Geico sent a demand letter to State Farm Insurance, the insurer of the other party that was involved in the accident with Powers. State Farm agreed to pay Geico one-half of the amounts Geico expended in connection with Powers' claim. Thereafter, Geico refunded Powers one-half or $250 of her deductible.

Powers declined to accept 50% of her deductible and demanded a full refund. Powers claims that she is entitled to reimbursement of the entire deductible prior to Geico's retention of any amount recovered in connection with the subrogation claim. Powers relies on the "insured-whole" principle which provides that "no common law right of subrogation exists for an indemnitor who has paid required sums under an insurance contract to its insured where the insured has not recovered the total amount of damages and

cannot be said to have been made whole." *E.g. Magsipoc v. Larsen,* 639 So.2d 1038 (Fla. 5th DCA 1994); *Rubio v. Rubio,* 452 So.2d 130 (Fla. 2d DCA 1984). In simpler terms, "out of the recovery from the third party, the insured is to be reimbursed first for the loss not covered by insurance, and the insurer is entitled to any remaining balance up to a sum sufficient to reimburse the insurer fully...." Elaine M. Rinaldi, *Apportionment of Recovery Between Insured and Insurer in a Subrogation Case,* 29 Tort & Ins. L.J. 803 (Summer 1994).

Powers filed a Motion for Class Certification on April 30, 1997. On March 3, 1998, the Court denied Powers' Motion without prejudice and allowed the parties sixty days to conduct class discovery. Powers filed a Renewed Motion for Class Certification on August 21, 1998.[1] Powers is seeking certification of a class comprised of insureds residing in fifteen states who were allegedly not "made whole" by Geico.[2]

### *DISCUSSION*

A class action determination is left to the sound discretion of the district court. *Jaffree v. Wallace,* 705 F.2d 1526, 1536 (11th Cir.1983). Class certification is strictly a procedural matter and the merits of the claims at stake are not considered when determining the propriety of the class action vehicle. *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). The district court may consider both allegations of the complaint and supplemental evidentiary submissions of the parties. *Blackie v. Barrack,* 524 F.2d 891, 901 n. 17 (9th Cir.1975).

Rule 23 of the Federal Rules of Civil Procedure governs the certification and maintenance of class actions. Under Rule 23(a), a plaintiff must satisfy four threshold requirements. The requirements are commonly known as numerosity, commonality, typicality and adequacy.[3]

Once the threshold requirements of Rule 23(a) have been satisfied, the plaintiff must demonstrate that the action falls within one of three categories set forth in Rule 23(b). The relevant categories that are in issue in this case are subsections (2) and (3). The subsections provide:

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole;

or

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fair and efficient adjudication of the controversy.

Fed.R.Civ.P. 23(b)(2) and 23(b)(3).

### I. Whether The Class Proposed by Powers is Certifiable.

### A. Rule 23(a)

#### 1. Numerosity.

The Eleventh Circuit Court of Appeals has indicated "while there is no fixed numerosity rule, generally less than twenty-one is inadequate, more than forty adequate, with numbers between varying according to other facts." *Cox v. American Cast Iron Pipe Co.,* 784 F.2d 1546, 1553 (11th Cir.) *cert. denied,* 479 U.S. 883, 107 S.Ct. 274, 93 L.Ed.2d 250 (1986) (quoting Moore's Federal Practice, p. 23.05 at n. 7 (1978)). In determining whether numerosity is present, the

---

**1.** Numerous extensions of time were filed by both parties. Accordingly, the Motion for Renewed Class Certification was not ripe until November 23, 1998. Thereafter, the Court granted Defendant leave to file a surreply.

**2.** The states are Alabama, Alaska, Florida, Indiana, Iowa, Louisiana, Michigan, Mississippi, Montana, North Carolina, Tennessee, Texas, Vermont, Wisconsin and Wyoming.

**3.** Rule 23(a) provides:

(1) the class must be so numerous that joinder of all members is impracticable;
(2) questions of law or fact common to the class must exist;
(3) the claims or defenses of the representative parties must be typical of the claims or defenses of the class;
(4) the representative parties must fairly and adequately protect the interest of the class. Fed.R.Civ.P. 23

court should consider the geographic dispersion of the class members, judicial economy and the ease of identifying the members of the class and their addresses. *Kreuzfeld v. Carnehammar,* 138 F.R.D. 594, 598–599 (S.D.Fla.1991). Although Geico opposes certification, it does not contest that numerosity is present.

## 2. Commonality.

The second prerequisite of Rule 23(a) requires questions of law or fact common to the class. The threshold for commonality is not high.[4] *Leszczynski v. Allianz Insurance,* 176 F.R.D. 659, 670 (S.D.Fla. 1997). It does not require that all of the questions of law or fact raised by the case be common to all of the plaintiffs. *Haitian Refugee Center, Inc. v. Nelson,* 694 F.Supp. 864, 877 (S.D.Fla.1988). Where a common scheme of deceptive conduct is alleged, common questions of law and/or fact will exist. *E.g., Haitian Refugee Center, Inc. v. Nelson,* 694 F.Supp. at 867; *In re: Amerifirst Securities Litigation,* 139 F.R.D. 423 (S.D.Fla. 1991).[5] In the instant case, there are questions of law and fact which are common to the class. Namely, whether Geico violated the insured-whole rule by failing to fully reimburse insureds' deductibles when it recovered amounts on its subrogation claims.

## 3. Typicality.

The Eleventh Circuit has indicated that the "typicality" prong directs the district court to focus on whether named representatives' claims have the same essential characteristics as the claims of the class at large. *Appleyard v. Wallace,* 754 F.2d 955, 958 (11th Cir.1985). A sufficient nexus is established if the claims or defenses of the class and the class representatives arise from the same event, pattern or practice and are based on the same legal theory. *Kornberg v.*

*Carnival Cruise Lines, Inc.,* 741 F.2d 1332, 1337 (11th Cir.1984).

Powers alleges that Geico engaged in a pattern and practice of reimbursing insureds for their deductibles on a *pro rata* basis in contravention of the "insured-whole" principle. Powers' claim and the claims of the purported class members arise from the same event or conduct and are based on the same legal theory. Consequently, Powers' claims are typical of the claims of the class.

## 4. Adequacy.

Rule 23(a)(4) requires the movant to show that the representative party will fairly and adequately protect the interests of the class. Courts traditionally hold that it is necessary to determine: (1) that the plaintiff's attorney is qualified, experienced and will competently and vigorously prosecute the suit; and (2) that the interest of the class representative is not antagonistic to or in conflict with other members of the class. *Griffin v. Carlin,* 755 F.2d 1516, 1533 (11th Cir.1985).

It is undisputed that Plaintiff's attorney is qualified, experienced and will competently and vigorously prosecute the suit. GEICO maintains, however, that Powers cannot fairly and adequately protect the interests of the class. Specifically, Geico argues that Powers lacks knowledge about the case and the insurance industry in general.[6]

It is well-settled that it is not necessary for named class representatives to be knowledgeable, intelligent or have a firm understanding of the legal or factual basis on which the case rests in order to maintain a class action. *In re Bristol Bay Fishery Antitrust Litigation,* 78 F.R.D. 622 (W.D.Wash. 1978). *See also Surowitz v. Hilton Hotels*

---

**4.** The commonality requirement is less demanding than Rule 23(b)(3)'s predominance requirement. *Cf. Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 621–25, 117 S.Ct. 2231, 2249–50, 138 L.Ed.2d 689 (1997) (holding that the predominance inquiry is far more demanding than Rule 23(a)'s commonality requirement).

**5.** Defendant argues that state by state differences in insured-whole law defeats Rule 23(a) commonality. This Court, however, finds that the lack of uniformity of state law is more appropri-

ately addressed in the context of Rule 23(b)(3) predominance.

**6.** Geico also argues that Powers is an inadequate class representative because she lacks credibility. This Court finds, however, that any inquiry concerning Powers' credibility is an impermissible examination of the merits of the case. *See Eisen v. Carlisle & Jacquelin,* 417 U.S. at 177–78, 94 S.Ct. 2140 (holding that the court cannot examine the underlying merits of the claims in determining whether to certify a class).

*Corp.*, 383 U.S. 363, 86 S.Ct. 845, 15 L.Ed.2d 807 (1966) (certifying a class where the named representative did not understand her complaint, could not explain statements contained therein, had little knowledge of the nature of the lawsuit and did not know the defendant's name). This is especially true in cases involving complex areas of the law. *Morris v. Transouth Financial Corp.*, 175 F.R.D. 694, 698 (N.D.Ala.1997).

▐ The record reveals that Powers is playing an active role in the litigation. She has appeared for deposition, produced documents and confers with counsel. The mere fact that Powers is not well-versed in insurance law or the intricacies of her case does not warrant a finding that she is inadequate to represent the class.

## B. Rule 23(b).

A plaintiff seeking class certification must also satisfy one of the three subsections of Rule 23(b). Powers contends that certification is appropriate under either subsection 23(b)(2) and/or 23(b)(3).

### 1. Rule 23(b)(2).

▐ Rule 23(b)(2) certification is warranted when the defendant has acted or refused to act on grounds generally applicable to the class thereby making final injunctive or declaratory relief appropriate. It is well-settled that declaratory or injunctive relief must be the predominant remedy requested for the class. *Jones v. Diamond*, 519 F.2d 1090, 1100 (5th Cir.1975); *Heartland Communications, Inc. v. Sprint Corp.*, 161 F.R.D. 111 (D.Kan.1995). Rule 23(b)(2) certification is not warranted where, notwithstanding a request for injunctive or declaratory relief, the predominant relief requested is monetary. *E.g. Boughton v. Cotter Corp.* 65 F.3d 823, 827 (10th Cir.1995); *Nelsen v. King County*, 895 F.2d 1248, 1254–55 (9th Cir.1990).

▐ A review of the complaint reveals that Powers is requesting "a declaratory decree that Geico insureds are entitled to recovery up to the full amount of their unreimbursed losses prior to Geico being reimbursed for any amounts previously paid to said insureds." *See* Third Amended Complaint at p. 7. She is also requesting damages in conjunction with the declaratory judgment in the form of unreimbursed losses owed to insureds plus prejudgment interest. *Id.*

It is clear that the declaratory relief sought by Powers is equivalent to a request for a declaration of liability. The declaratory judgment count serves the ultimate goal of monetary restitution and is designed primarily to facilitate and ensure the satisfaction of monetary relief. Therefore, class certification under Rule 23(b)(2) is inappropriate. *See In re Jackson National Life Insurance Company Premium Litigation*, 183 F.R.D. 217 (W.D.Mich.1998) (holding that a request for injunctive relief was merely incidental to a prayer for damages where it was designed to facilitate and ensure the satisfaction of any monetary relief the court might award); *Goldberg v. Winston & Morrone*, 1997 WL 139526 (S.D.N.Y.1997) (certification inappropriate where the purported declaratory relief is tantamount to a declaration of liability for which plaintiffs seek a damages award).

### 2. Rule 23(b)(3).

#### (a) Predominance.

▐ Rule 23(b)(3) class certification requires that "questions of law or fact common to the members of the class predominate over any questions affecting individual members." *See* Fed.R.Civ.P. 23(b)(3). A complete absence of individual issues is not necessary. *Cox v. American Cast Iron Pipe Co.*, 784 F.2d 1546 (11th Cir.1986). However, the predominance requirement is "far more demanding" than the commonality requirement under Rule 23(a). *In re Jackson National Life*, 183 F.R.D. 217. A plaintiff must demonstrate that issues which are subject to generalized proof predominate over issues that require individualized proof. *E.g. Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1005 (11th Cir.1997).

▐ In addressing the certification question, the Court is required to determine whether variations in state law defeat predominance. *In re American Medical Systems, Inc.*, 75 F.3d 1069, 1085 (6th Cir.1996). To certify a multi-state class action, a plaintiff

must prove through "extensive analysis" that there are no material variations among the law of the states for which certification is sought. *See e.g. Walsh v. Ford Motor Co.*, 807 F.2d 1000, 1001 (D.C.Cir.1986) ("Nationwide class action movant must credibly demonstrate, through an extensive analyses of state law variances, that class certification does not present insuperable obstacles."); *In re: Ford Motor Co. Ignition Switch Products*, 174 F.R.D. 332 (D.N.J.1997). If a plaintiff fails to carry his or her burden of demonstrating similarity of state laws, then certification should be denied.[7] *Castano v. American Tobacco Co.*, 84 F.3d 734, 742 (5th Cir.1996) (class action proponents must do more than merely assert that variations in state law are insignificant or academic); *Rohlfing v. Manor Care, Inc.*, 172 F.R.D. 330, 341 (N.D.Ill.1997) (denying class certification because plaintiff failed to carry her burden of demonstrating the similarity of the laws of the thirteen states.).

 Powers fails to carry her burden and merely provides a cursory analysis of the laws of the fifteen states from which the proposed class is comprised. Geico, however, provides extensive analysis which rebuts Powers' assertion that the insured-whole laws of the fifteen states are sufficiently analogous for class-wide proof. Geico demonstrates that the differences amongst the laws of the fifteen states circumvents generalized proof.

Geico's analysis reveals that the "insured whole rule" varies amongst the fifteen states and its application depends on several factors. For example, some of the states, from which class members would be derived, take into account comparative fault in determining whether the insured was made whole whereas others do not. *Compare Williams v. Delta International Machinery Corp.*, 619 So.2d 1330 (Ala.1993) (Alabama does not recognize comparative fault) with *Sorge v. National Car Rental System, Inc.*, 182 Wis.2d 52, 512 N.W.2d 505 (1994); and *Adamson v. City of Lafayette*, 521 So.2d 1258 (La.App.3d Cir. 1988) (including comparative fault in the "make whole" calculus). Similarly, the states are not unified on the issue of whether the "made whole rule" may be altered by written agreement between the insurer and the insured. *Compare Willard v. Auto. Underwriters, Inc.*, 407 N.E.2d 1192 (Ind.Ct.App. 1980) and *Collins v. Wilcott*, 578 So.2d 742 (Fla. 5th DCA 1991) (recognizing that an agreement between the insurer and the insured can modify the common law "make whole" concept) with *Rimes v. State Farm Mutual Auto. Ins.*, 106 Wis.2d 263, 316 N.W.2d 348 (1982) (appearing to reject modification of the "make whole" principle by agreement). Some but not all of the fifteen states hold that an insured who settles with a tortfeasor is automatically made whole. *E.g. Wallace v. Aetna Life and Cas. Ins. Co.*, 499 So.2d 577, 580 (La.App.2d Cir.1986). Finally, several of the state legislatures have enacted statutes which alter the common law insured-whole rule. *See* Mich.Comp.Laws § 500.3135; Tex. Insurance Code Art. 21.79G (1998); Wyoming Stat.Ann. § 26–13–113.

Plaintiff maintains that the core issue of whether Geico is required to fully reimburse insured's deductibles when it recovers on its subrogation claims is certifiable despite the differences in state law. This Court disagrees. The differences in state law directly impact and outweigh the central question of whether Geico violated the insured-whole rule. Therefore, this Court finds that common issues of law do not predominate.

**(b) Superiority.**

 An additional prerequisite to certification under Rule 23(b)(3) is that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The various state laws that are implicated by certification of a class comprised of insureds from fifteen states militate against a finding that a class action is the superior method for adjudication of this controversy. *In re Jackson National*, 183 F.R.D. 217. *See also Castano*, 84 F.3d at 745 n. 19 ("the greater the number of individual issues, the less likely superiority can be established"). This Court would be faced with the insurmountable task of instructing a jury

---

7. The Court is permitted to look beyond the Complaint in order to determine whether individual issues will predominate over questions common to the class. *See Leszczynski*, 176 F.R.D. at 674. In doing so, the Court does not delve into the merits of plaintiff's proof. *Id.*

on the law of several states. *See American Medical Systems,* 75 F.3d at 1085 (denying class certification because the district judge was faced with the impossible task of instructing a jury on the relevant law). Plaintiff has failed to address the difficulties posed by the variations and has not proposed any solutions. Accordingly, this Court finds that concerns over the management of the class action negate a finding of superiority.

## II A Class Comprised of Geico Insureds From The State of Florida.

■ Powers has not proposed any alternative classes. However, this Court finds that certification of a class comprised of Geico insureds from the State of Florida satisfies all of the requisite elements for certification. The foregoing analysis demonstrates that the threshold requirements of numerosity, commonality, typicality and adequacy are clearly satisfied by such a class. In addition, certification of a class comprised of members from a single state cures and/or significantly limits problems associated with variances in state laws. Therefore, Rule 23(b)(2) predominance is present. Finally, a class action is the superior method for adjudicating this action because of the number of claimants and the small amount of their claims.

### CONCLUSION

Based on the foregoing, this Court concludes that Powers has failed to sustain her burden of satisfying the requirements of Federal Rule of Civil Procedure 23 in order to obtain certification of a class comprised of Geico insureds residing in fifteen states. This Court finds, however, that the elements of Rule 23 have been meet as to Geico insureds in the State of Florida.

Accordingly, it is

ORDERED AND ADJUDGED that Plaintiff's Motion for Class Certification is GRANTED IN PART. The following class is certified:

> Geico insureds residing in the State of Florida for whom Geico has pursued subrogation against third parties and whom have not been reimbursed to the limits of their deductibles prior to recoupment by Geico of amounts paid to the insured.

It is further

ORDERED AND ADJUDGED that Plaintiff's Request for Oral Argument on Renewed Motion for Class Certification is DENIED.