John **NEENAN** and Andrea Neenan, his wife, as individual Plaintiffs and as Representatives of a proposed class, Plaintiffs,

v.

**CARNIVAL CORPORATION, a foreign corporation, Defendant.**

No. 99–2658–CIV.

United States District Court,
S.D. Florida.

Jan. 23, 2001.

Jeffrey B. Maltzman, Kaye, Rose & Partners, Miami, FL, for Defendant.

F. Wallace Pope, Jr., Johnson, Blakely & Pope, Clearwater, FL, Brian J. Stack, Stack, Fernandez & Anderson, Miami, FL, Stewart L. Krug, Clearwater, FL, for Plaintiffs.

### ORDER DENYING MOTION TO CERTIFY CLASS ACTION

LENARD, District Judge.

**THIS CAUSE** is before the Court on the Motion to Certify Class Action, filed January 3, 2000 by Plaintiffs John Neenan and Andrea Neenan. Defendant Carnival Corporation filed a Response on February 4, 2000. Having reviewed the Motion, the Response, and the record, the Court finds as follows.

## I. Factual Background

Plaintiffs John Neenan and Andrea Neenan were traveling as ticketed passengers aboard the cruise ship, M.S. Tropicale, which Defendant Carnival Corporation owned and operated. Plaintiffs allege that on September 16, 1999, they were held inside a smoke-filled, unventilated "muster station" within the ship, after it caught fire while sailing on navigable waters. (*Id.* ¶¶ 11 & 16.) As significant portions of the M.S. Tropicale were ablaze, its sanitary system and engines allegedly became inoperable. (*See id.* ¶ 16.) According to Plaintiffs, the "inoperable sanitary system produced backup, overflow, and the constant smell of human waste." (*Id.*) Plaintiffs allege that the events on this day caused damage to their personal property and resulted in their own "severe discomfort and nausea throughout most of the voyage." (*Id.*)

In their Complaint, filed September 30, 1999, Plaintiffs claim that Defendant Carnival Corporation, the owner and operator of the M.S. Tropicale, is liable to them for the foregoing injuries which allegedly occurred as a result of Defendant's (a) failure to maintain an operable sanitary system, operable air conditioning, and operable engines; (b) failure to maintain the ability for passengers to communicate with others who were not on board the M.S. Tropicale; (c) causing and allowing a fire to occur on board the M.S. Tropicale; (d) failure to have proper procedures in effect to avoid the M.S. Tropicale from catching fire; (e) failure to have proper procedures in effect when the M.S. Tropicale did catch fire; (f) failure to prevent the spread of smoke and diesel fumes on the M.S. Tropicale; and (g) failure to have proper procedures in effect with respect to the handling of the passengers' personal property before and after the fire occurred. (*See id.* ¶ 13.) In addition, Plaintiff alleged that "Defendant knew of the foregoing conditions causing Plaintiffs' injuries and did not correct them, or the conditions existed for a sufficient length of time so that [D]efendant in the exercise of reasonable care should have learned of them and corrected them." (*Id.* ¶ 15.)

On July 28, 2000, Plaintiffs filed an Amended Complaint for Maritime Negligence arising out of the foregoing factual allegations. Plaintiffs now seek to certify class. Defendant opposes class certification, arguing that Plaintiffs fail to meet both the commonality and typicality requirements under Federal Rule of Civil Procedure 23(a) as well as the requirements of Rule 23(b)(3).

## II. Analysis

The determination to certify a class action rests in the discretion of the trial court. *See Jaffree v. Wallace*, 705 F.2d 1526, 1536 (11th Cir.1983). Class certification is a procedural determination, and the Court may not consider the merits of the claims asserted in evaluating the availability of the class action vehicle. *See Powers v. Government Employees Insurance Co.*, 192 F.R.D. 313, 316 (S.D.Fla. 1998) (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974)). When reviewing a motion to certify class, the Court must take the substantive allegations of the Complaint as true. *See In re Carbon Dioxide Antitrust Litig.*, 149 F.R.D. 229, 232 (M.D.Fla.1993).

It is well settled in the Eleventh Circuit that the "initial burden of proof to establish the propriety of class certification rests with the advocate of the class." *Rutstein v. Avis Rent-A-Car Systems, Inc.*, 211 F.3d 1228, 1233 (11th Cir.2000) (citation omitted). The Court may certify class, when its advocate "satisfies all the requirements of Fed. R.Civ. P. 23(a) and at least one of the alternative requirements of Rule 23(b)." *Rutstein*, 211 F.3d at 1233 (internal quotation marks omitted) (quoting *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1005 (11th Cir.1997) (footnote omitted)).

The conjunctive requirements of Rule 23(a) are commonly known as numerosity, commonality, typicality, and adequate representation. *See Pickett v. Iowa Beef Processors*, 209 F.3d 1276, 1279 (11th Cir.2000) (citing Fed. R.Civ. P. 23(a)). Conceding the class's numerosity and adequate representation, as well as Plaintiffs' standing, Defendant contends that the class lacks commonality (*i.e.*, questions of law or fact are not common to the class) and typicality (*i.e.*, representatives

of the class do not present claims or defenses that are typical of the class) and fails to meet the requirements of Rule 23(b)(3).[1]

First examining why the class lacks commonality under Rule 23(a), the Court then explains why the class does not meet the requirements of Rule 23(b)(3).

## A. Class Lacks Commonality

■ The Eleventh Circuit recently found that "[i]n many ways, the commonality and typicality requirements of Rule 23(a) overlap. Both requirements focus on whether a sufficient nexus exists between the legal claims of the named class representatives and those of individual class members to warrant class certification." *Prado–Steiman v. Bush*, 221 F.3d 1266, 2000 WL 1140680,*12 (11th Cir. 2000) (citations omitted). Distinguishing these requirements from one another, however, the *Prado–Steiman* court explained that "[t]raditionally, commonality refers to the group characteristics of the named plaintiff in relation to the class as a whole and typicality refers to the individual characteristics of the named plaintiff in relation to the class," *Prado–Steiman*, 221 F.3d 1266, 2000 WL 1140680 at *12 (citation omitted), but that "[n]either of these requirements requires that 'all putative class members share identical claims.'" *Prado–Steiman*, 221 F.3d 1266, 1278–79 n. 14 (quoting *Baby Neal v. Casey*, 43 F.3d 48, 56 (3d Cir.1994)). Commonality and typicality "may be satisfied even if some factual differences exist between the claims of the named representatives and the claims of the class at large." *Prado–Steiman*, 221 F.3d 1266, 1278–79 n. 14 (citations omitted). The named representatives' claims must "share 'the same essential characteristics as the claims of the class at large,'" as " 'a strong similarity of legal theories will satisfy the typicality requirement despite substantial factual differences.'" *Prado–Steiman*, 221 F.3d 1266, 1278–79 n. 14 (quoting *Appleyard v. Wallace*, 754 F.2d 955, 958 (11th Cir.1985) (internal quotation marks and citation omitted)).

In support of this standard for a class' commonality and typicality requirements, the *Prado–Steiman* court cited *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir.1984), specifically for its proposition "that 'a sufficient nexus is established if the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory.'" *Prado–Steiman*, 221 F.3d 1266, 1278–79 n. 14 (quoting *Kornberg*, 741 F.2d at 1337). The *Kornberg* court reversed in part and remanded the district court's decision, which decertified class on the grounds of numerosity and typicality, after finding the requirements of numerosity and typicality were satisfied. *See Kornberg*, 741 F.2d at 1336.

On remand, the district court in *Kornberg* reexamined the defendant's motion for decertification of class, pursuant to the Eleventh Circuit's mandate, and granted the motion after finding the class lacked commonality and, in the alternative, failed to meet any of the Rule 23(b) requirements. *See Kornberg & Kornberg v. Carnival Cruise Lines, Inc.*, Nos. 82–1832–CIV–KING, 82–1933–CIV–KING, 1985 WL 69,*1–2 (S.D. Fla. June 17, 1985). In that case, the plaintiffs moved to certify class in a suit seeking damages for the failure of the TSS Tropicale's sanitary system, during a one-week cruise in the Caribbean. *Kornberg*, 741 F.2d at 1333. At factual issue before the court was the extent and duration of the sanitary-system-breakdowns aboard the Tropicale. *See id.* at 1334. The *Kornberg & Kornberg* court explained why the class lacked commonality:

the malfunctioning toilets on the TSS TROPICALE created different causes of action for each passenger. The representations, whether written or oral, varied from passenger to passenger. Reliance upon the representations also varied. Similar difficulties arise with respect to damages. Passengers experiencing no inconvenience would not be entitled to damages; a passenger with a weak bladder condition might suffer greater damage. Since the proposed class action would dete-

---

1. Because Plaintiff only argues that it meets Rule 23(b)(3), but neither of the other two statutorily available requirements of Rule 23(b), the Court limits its Rule 23(b) inquiry to an analysis of Rule 23(b)(3).

riorate into a parade of mini-trials with multiple questions of law and fact, this Court finds that the commonality requirement has not been met.

*Kornberg & Kornberg,* 1985 WL 69 at *2.

Plaintiffs in the instant case also complain of a failed sanitary system in addition to the fire aboard the M.S. Tropicale as well as Defendant's subsequent unreasonable standard of care it allegedly exercised toward its passengers. In Plaintiffs' affidavit, they state that "at least 100 passengers ... have expressed to us substantial interest in pursuing this matter as a class action," and that "[a]ll of the [more than 1,000] passengers suffered the same horrible experience as did we." (Neenan & Neenan Aff. ¶¶ 4–5.) [2] The testimony of Defendant's claims adjuster, Michael Fox, roughly corroborates Plaintiff's estimate of the number of putative class members, as Fox testified that he has been notified of claims by ninety-two passengers. (*See* Fox Aff. ¶ 4.) Fox's testimony, however, undermines Plaintiff's latter statement that "all ... the passengers suffered the same horrible experience as did we," (Neenan & Neenan Aff. ¶ 5) as Fox testified that the complaints he has received include, but are "not limited to, allegations of malfunctioning toilets, a lack of drinking water, damage to their luggage, and inconvenience from missing two days of work." (Fox Aff. ¶ 4.) Thus, just as the *Kornberg & Kornberg* court found the malfunctioning toilets on the TSS Tropicale created different causes of action for each passenger, this Court finds the M.S. Tropicale's alleged want of reasonable care in the instant case has produced a host of varied complaints. (*See* Fox Aff. ¶ 4.) As such, the Court, relying on the Affidavit of Defendant's claims adjuster, finds that the class lacks commonality.

## B. Common Questions Do Not Predominate Individual Ones

■ Yet, the Court's inquiry does not end here, as the court in *Kornberg & Kornberg,* 1985 WL 69 at *2, stated, "Assuming *arguendo* that plaintiffs satisfy all four Rule 23(a) requirements, one of the three Rule 23(b)

requirements must also be satisfied to maintain a class action." The parties in this case have nevertheless narrowed the battleground to a discussion of Rule 23(b)(3), which provides that

> [a]n action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and ...
>
> (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Fed. R.Civ. P. 23(b)(3). Denying class certification for the class's failure to meet the requirements of the foregoing rule, the *Rutstein* court elaborated upon the requirements of Rule 23(b)(3): "That common questions of law or fact predominate over individualized questions means that 'the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, must predominate over those issues that are subject only to individualized proof.'" *Rutstein,* 211 F.3d at 1233 (quoting *Kerr v. City of West Palm Beach,* 875 F.2d 1546, 1558 (11th Cir.1989) (citation omitted)). Moreover, it is well settled that "[t]he predominance inquiry focuses on 'the legal or factual questions that qualify each class member's case as a genuine controversy,' and is 'far more demanding' than Rule 23(a)'s commonality requirement." *Rutstein,* 211 F.3d at 1233 (quoting *Jackson v. Motel 6 Multipurpose, Inc.,* 130 F.3d 999, 1005 (11th Cir.1997) (quoting *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 623–24, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997))). The *Rutstein* court then established the process for how a court ought to determine whether a class has met the requirements of Rule 23(b)(3):

> In order to determine whether common questions predominate, "we are called upon to examine the cause[ ] of action asserted in the complaint on behalf of the putative class."... Whether an issue predominates can only be determined after considering what value the resolution of

---

**2.** When reviewing a motion to certify class, the Court may consider supplemental evidentiary

submissions of the parties. *See Powers,* 192 F.R.D. at 316.

the class-wide issue will have in each class member's underlying cause of action.

*Rutstein,* 211 F.3d at 1234 (citations omitted).

Applying this analytical scheme to the facts, the *Rutstein* court, following the Eleventh Circuit's denial of class certification in *Jackson,* 130 F.3d at 1006, found the plaintiffs failed to meet the predomination requirement of Rule 23(b)(3). *See Rutstein,* 211 F.3d at 1236. In *Rutstein,* the plaintiffs challenged the employment practices of their employer, Avis Rent–A–Car Systems, Inc. ("Avis"), under 42 U.S.C.A. § 1981. The *Rutstein* court found that the legal question of whether Avis maintains a policy or practice of discrimination did not predominate over the "highly case-specific factual issues," *Rutstein,* 211 F.3d at 1235 (internal quotation marks omitted) (quoting *Jackson,* 130 F.3d at 1006), cataloged below:

> The individual issues that must be addressed include not only whether Avis actually denied a particular plaintiff a corporate account, gave the plaintiff a less advantageous account, or cancelled the plaintiff's account, but also whether the particular plaintiff was of the age required by Avis to qualify for a corporate account; whether the plaintiff met the financial criteria for a corporate account; whether the nature of the plaintiff's expected use of Avis vehicles would make the transaction cost-justified for Avis; whether the plaintiff would be renting cars from Avis in a criminally high-risk or low-risk geographical area; whether the Avis employee who allegedly denied the plaintiff a corporate account judged the caller-applicant to be lying about his or her qualifications based on information not related to the caller's ethnicity; and so on, and so on.

*Rutstein,* 211 F.3d at 1235.

Here, too, the Court finds that the individual issues of causation and injury in fact will consume the majority of the Court's time in this matter. The Court's examination of these questions would necessitate an inquiry into whether the passenger reported to an indoor or outdoor muster station; whether the passenger's muster station was smoke-filled or ventilated; whether the passenger retreated to an indoor muster station with air-conditioning; where the passenger stood in relation to the fire; whether the passenger returned to a cabin with fully operational toilets and water faucets or to a cabin with faulty toilets and water faucets; whether toilets were reinstated in the passenger's cabin; whether the water in the passenger's cabin was brown, cloudy, or clear; whether the passenger was compelled to drink bottled water; whether the passenger suffered from nausea as a result of Defendant's negligence; whether the passenger missed work as a result of Defendant's negligence; whether the passenger's property was damaged or lost in the process; and whether the passenger was disabled. Thus, as another court, denying a motion for class certification in a personal injury action, held, "Even if the plaintiffs succeeded in establishing the fault or negligence . . ., the personal injury claimants would still have the bulk of their cases to prove, because any successful personal injury claimant will still have to prove injury in fact and causation." *The Commonwealth of Puerto Rico v. M/V Emily,* 158 F.R.D. 9, 15 (D.P.R.1994).

In *M/V Emily,* 158 F.R.D. 9, 10, the plaintiffs alleged that they had sustained personal injury by intoxication from an oil spill. Given Plaintiffs' allegations of harmful exposure to human waste aboard the M.S. Tropicale, the Court finds *M/V Emily,* 158 F.R.D. 9, directly applicable to the instant case. In *M/V Emily,* the plaintiffs articulated a theory of "general causation" to show that common questions predominated individual ones. *See id.* at 15. Rejecting this "generalized theory of proof," *id.,* however, the court cited a Second Circuit case, litigating the harms of Agent Orange, which found,

> The relevant question, therefore, is not whether Agent Orange has the capacity to cause harm, the generic causation issue, but whether it did cause harm and to whom. That determination is highly individualistic, and depends upon the characteristics of individual plaintiffs (e.g. state of health, lifestyle) and the nature of their exposure to Agent Orange.

*Id.* (quoting *In re Agent Orange Prod. Liability Litigation,* 818 F.2d 145, 165 (2d Cir. 1987), *cert. denied, sub nom., Pinkney v. Dow Chemical Co.,* 484 U.S. 1004, 108 S.Ct. 695, 98 L.Ed.2d 648 (1988)).

Similarly in this case, the relevant issue is not whether inhalation of fecal fumes causes harm, "but whether it did cause harm and to whom." *In re Agent Orange Prod. Liability Litigation,* 818 F.2d at 165. In its attempt to determine whether Defendant caused harm to its passengers, the Court would drown in a rogue wave of "highly case-specific factual issues," *Rutstein,* 211 F.3d at 1235 (quoting *Jackson,* 130 F.3d at 1006), were class certified in this case. The Court thus finds Plaintiffs do not satisfy the requirements of Rule 23(b)(3). Accordingly, it is

**ORDERED AND ADJUDGED** that:

1. The Motion to Certify Class Action, filed January 3, 2000 by Plaintiffs John Neenan and Andrea Neenan, is **DENIED**.

2. The Motion for Leave to Contact Putative Plaintiffs, filed April 7, 2000 by Defendant Carnival Corporation, is **DENIED** as moot.