861 So.2d 465 (2003)
Karen L. UTTERBACK a/k/a Karen Furrey, Appellant,
v.
Thomas UTTERBACK, Appellee.
No. 3D03-399.
District Court of Appeal of Florida, Third District.
November 12, 2003.
Hall, David and Joseph, P.A., and Andrew C. Hall, and Allen Joseph, and Sharon Calix Tiffany, Miami, for appellant.
*466 Carman, Beauchamp & Sang, P.A., Deerfield Beach, and Rhea P. Grossman, Miami, for appellee.
Before SCHWARTZ, C.J., and GREEN and WELLS, JJ.
PER CURIAM.
This is an appeal from a post-judgment order denying the former wife's second amended motion for contempt and amended motion for sanctions. We affirm.
The record reflects that the trial court correctly determined that the former husband is responsible only for the tax liability on the $3000 a month alimony, without consideration of any additional income received by the former wife. See Rubio v. Rubio, 576 So.2d 337, 338 (Fla. 2d DCA 1991)(finding that former husband's agreement to pay taxes derived from former wife's receipt of alimony did not require husband to pay taxes on rate resulting from wife's employment and investment income, rather, husband could calculate tax due on alimony as if wife had no other income); Rubio v. Rubio, 347 So.2d 1093, 1095-96 (Fla. 2d DCA 1977)(same). Furthermore, we find that the wife's issue of "gross up" taxes was not adequately presented to the trial court, and thus not preserved for appeal. See Castor v. State, 365 So.2d 701, 703 (Fla.1978) (finding that reviewing courts will not consider points raised for first time on appeal); Hoffman v. Hoffman, 793 So.2d 128, 131 (Fla. 4th DCA 2001) (holding that appellate court cannot consider issue on appeal that was not argued below or raised by motion for rehearing).
Accordingly, we affirm.